803 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GEORGE G. SPAULDING, Plaintiff-Appellant
v.
GENERAL MOTORS CORPORATION, A DELAWARE CORPORATION,
Defendant-Appellee.
 No. 85-1428.
 United States Court of Appeals, Sixth Circuit.
 Sept. 22, 1986.
 
 Before: MERRITT, KRUPANSKY and RYAN, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 By this suit, plaintiff George Spaulding challenges his termination of employment by defendant General Motors. He appeals the District Court's refusal to accord him relief under Michigan law on the tort theory of "negligent termination."
 
 
 2
 Spaulding was a senior executive of General Motors, where he worked until 1981 as general sales manager of GM's Pontiac Motor Division. Spaulding had always received positive work evaluations, but in late 1980 and early 1981, the new general manager of Pontiac became dissatisfied with him. General Motors decided to replace Spaulding at the Pontiac Motor Division. Spaulding refused to resign voluntarily and declined the only other roughly comparable position available at General Motors. General Motors replaced Spaulding and, in 1982, permanently laid him off.
 
 
 3
 Spaulding sued General Motors on many theories, including breach of oral and implied employment contract, breach of an implied covenant of fair dealing, defamation, violation of ERISA, age discrimination, and negligent termination. After a nonjury trial, General Motors moved for dismissal of Spaulding's claims under Fed. R. Civ. P. 41(b). At the hearing on General Motors' rule 41(b) motion, the judge stated in regard to the negligent termination claim:
 
 
 4
 This Court does not recognize the claim for negligent termination and has expressly rejected that portion of Schipani v. Ford Motor Co., [102 Mich. App. 606, 302 N.W. 2d 307 (1981)], as well as the case from the Western District [Chamberlain v. Bissell, Inc., 547 F.Supp. 1067 (W.D. Mich. 1982)] that appears to recognize it.
 
 
 5
 Joint Appendix at 540.
 
 
 6
 Rule 41(b) provides that "[i]f the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a)." Rule 52(a) requires that the judge in a nonjury trial "find the facts specially and state separately [the court's] conclusions of law thereon."
 
 
 7
 In this case, the District Judge merely stated that he did not "recognize" a negligent termination claim and that he rejected the state and federal cases on which Spaulding relies. We recognize that a trial judge may state the court's findings of fact and conclusions of law orally. See Fed. R. Civ. P. 52(a). However, in this case the District Court's statement of findings and conclusions on the negligent termination claim was inadequate under rule 52(a). Without more, we cannot properly review the court's disposition of Spaulding's suit.
 
 
 8
 Accordingly, we remand this case to the District Court for the entry of findings of fact and conclusions of law on the negligent termination issue as required by rule 52(a).